# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

Civil Action
Docket No.

| | |
|---|---|
| C-B MARINE CORP., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| PATRIOT MARINE, INC. | ) |
| | ) |
| and | ) |
| | ) |
| STARR INDEMNITY AND | ) |
| LIABILITY INS. CO., | ) |
| | ) |
| Defendants | ) |

## COMPLAINT

NOW COMES C B Marine Corp., by and through its counsel, Thompson & Bowie LLP, and as and for its Complaint against Patriot Marine, Inc. and Starr Indemnity and Liability Ins. Co. states as follows:

## PARTIES

1.      C B Marine Corp., is a corporation duly organized and existing pursuant to the laws of the State of Maine, having its principal place of business in Portland, County of Cumberland, State of Maine.

2.      Patriot Marine, LLC is, and at all times relevant hereto was, a limited liability company duly organized and existing pursuant to the laws of the Commonwealth of Massachusetts, and doing business in the State of Maine.

1

3.      Starr Indemnity Liability Ins. Co. is, and at all times relevant hereto was, an insurance company licensed to do business in the State of Maine.

## JURISDICTION AND VENUE

1.      This is an Admiralty and Maritime Claim within the meaning of Rule 9(h) of the Supplemental Rules for Certain Admiralty and Maritime Claims and with respect to which this Court has jurisdiction pursuant to 28 U.S.C. §1333.

2.      The Court also has original jurisdiction pursuant to 28 U.S.C. § 1332, in that the matter in controversy is between citizens of different states and exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

3.      Venue is properly laid in this Court in that Plaintiff has its place of business in the District of Maine, the property that is the subject of this action is situated in this District, the contract underlying this matter was signed in the District of Maine, and Defendants are subject to personal jurisdiction in this District.  *See* 28 U.S.C. § 1391.

## FACTS

4.      At all times relevant to this matter, C B Marine, Corp. owned the Dump Barge *Mary P,* Official Number 278883, net tonnage 444, built at Sturgeon Bay, Wisconsin, in 1959 ("Barge").

5.      On or about December 11, 2009, C B Marine Corp. and Patriot Marine, LLC signed a Charter Party for the Barge.

6.      Pursuant to the terms of the Charter Party, Patriot Marine agreed, *inter alia,*  that

> Acceptance of the Barge by Charterer at the commencement of the Charter Party shall constitute conclusive proof of the Barge's seaworthiness and fitness for Charterer's intended use and Charterer's continued use of the Barge shall be conclusive proof of its continued seaworthiness and fitness for Charterer's intended use.  At the termination of this Charter for any reason, Charterer

2

agrees to deliver said Barge to Owner at Deake's Wharf, Portland, Maine in its original condition at the commencement of the term hereof, reasonable wear and tear only excepted."

7.      Patriot Marine was obligated to repair any and all damage sustained by the Barge during the term of the Charter Party, save for ordinary wear and tear.

8.      Patriot Marine further agreed that

"In the event the Barge shall suffer damage during the term of this Charter, Charterer agrees to pay to Owner any and all rent that may accrue during the term of the Charter while repairs are being made. In the event that repairs to the Barge extend beyond the expiration of Term of the Charter, or any extension thereof, then Charterer agrees to continue paying rent to Owner at the rate set forth in Paragraph 3 herein until such time as the repairs are complete and the Barge has been returned to Owner as required by the terms of the Charter Party."

9.      The Charter Party required, *inter alia*, that

"During the course of this Charter Party, Charterer, its servants, agents, employees, and subcontractors, if any, shall navigate, anchor, or moor the Barge so that is shall never be allowed to ground, even where it is customary for similar-sized vessels or barges to safely lie aground.  At no time shall Charterer allow the Barge to be beached for the purposes of loading or unloading. Rather, all loading and unloading shall be done in water whose depth shall always be greater than the Barge's draft with a full load.

10.      The Charter Party required that "[e]ach party shall be responsible for the On-Hire Survey fees of its respective surveyor.  All costs of the Off-Hire Survey, including dry-docking, but not including Charterer's surveyor's fees, shall be for the account of Owner unless damages are found, in which case all costs associated with the Off-Hire Survey, including all surveying costs and dry-docking, if required, shall be for the account of Charterer."

11.     The Charter Party further required Patriot Marine to procure hull insurance on the Barge in the amount of $550,000, with a deductible of not more than $5,000, which policy was to name C B Marine as an additional insured.

12.     On or about December 9, 2009, Starr Indemnity and Liability Ins. Co., through its agent Northeastern Underwriters, Inc., issued a Commercial Vessel Insurance Certificate for the Barge, noting that C B Marine Corp. was an additional insured.

13.     The Charter Party specifically states that "[i]n the event that Owner brings an action to enforce any of the provisions of this Charter Party, Charterer agrees to pay to Owner all of Owners expenses, including, but not limited to attorneys' fees and related expenses, incurred in such action."

14.     Patriot Marine took possession of the Barge on or about December 11, 2009.

15.     Notwithstanding the terms and conditions of the Charter Party, the Barge was not returned to C B Marine in the same condition as at the commencement of the Charter Party. Rather, the Barge sustained significant damage to, *inter alia,* her bottom and top sides, as well as to her doors and the mechanisms for opening and closing the doors.

16.     C B Marine demanded that Patriot Marine repay C B Marine for the cost of repairing the damage sustained by the Barge, as well as the costs associated with dry-docking the Barge, inspecting the Barge, and the charter hire which accrued pursuant to the terms of the Charter Party.

17.     Notwithstanding requests to do so, Patriot Marine has failed to make any payments to C B Marine.

18.     C B Marine demanded that Starr Indemnity and Liability Ins. Co. pay for the cost of repairing the damage to the Barge, but Starr Indemnity and Liability Ins. Co. has refused to make such payments.

COUNT I

19.     C B Marine repeats and restates the allegations set forth in Paragraphs 1 through 18, inclusive, above, with the same force and effect as if more fully set forth above.

20.     Patriot Marine has breached the Charter Party.

21.     As a direct result of Patriot Marine's breach of the Charter Party, C B Marine has sustained damages in an amount to be shown at trial in this matter.

WHEREFORE, C B Marine respectfully demands that this Honorable Court enter judgment in its favor and against Patriot Marine LLC in an amount to be shown at trial, plus costs, interest and reasonable attorney's fees.

COUNT II

22.     C B Marine repeats and restates the allegations set forth in Paragraphs 1 through 18, inclusive, above, with the same force and effect as if more fully set forth above.

23.     The damage to the Barge was caused by the failure of Patriot Marine LLC to exercise due care in operating and maintaining the Barge.

24.     As a result of the negligence of Patriot Marine LLC, C B Marine sustained damages in an amount to be shown at trial in this matter, for which Patriot Marine LLC is liable.

WHEREFORE, C B Marine respectfully demands that this Honorable Court enter judgment in its favor and against Patriot Marine LLC in an amount to be shown at trial, plus costs, interest and reasonable attorney's fees.

<u>COUNT III</u>

25.     C B Marine repeats and restates the allegations set forth in Paragraphs 1 through 18, inclusive, above, with the same force and effect as if more fully set forth above.

26.     Notwithstanding demand by C B Marine for payment pursuant to the policy of insurance, Defendant Starr Indemnity and Liability Ins. Co. has failed to reimburse C B Marine for the costs associated with repairing the Barge.

27.     By failing to reimburse C B Marine for the costs associated with repairing the Barge, Defendant Starr Indemnity and Liability Ins. Co. has breached the terms of the applicable hull policy.

28.     As a result of Defendant Starr Indemnity and Liability Ins. Co.'s breach of the hull policy, C B Marine has been damaged in an amount to be shown at trial in this matter.

        WHEREFORE, C B Marine respectfully demands that this Honorable Court enter judgment in its favor and against Defendant Starr Indemnity and Liability Ins. Co., in an amount to be shown at trial, plus costs, interest and reasonable attorney's fees.

        Dated this 16th day of December, 2010


                                        /s/  Leonard W. Langer, Esq.
                                        Counsel for Plaintiff C B Marine Corp.


Thompson & Bowie, LLP
Three Canal Plaza
P. O. Box 4630
Portland, ME  04112-4630
  207-774-2500
lwlanger@thompsonbowie.com


CB Mar/Patriot Marine
Complaint
12.16.10

6